UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___6/8/2020___

ABRAHAM GROSS,

                              Plaintiff,

             -against-

CRASH FOR GOLD LLC; CENTRAL
CASTING LLC; HBO INC.; HBO WEST
COAST PROGRAMMING LLC; NICOLE
PAYSON,

                              Defendants.

20 Civ. 2675 (AT)

**ORDER OF SERVICE**

ANALISA TORRES, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. Plaintiff alleges that his employer discriminated against him based on his sex. By order dated April 1, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis*.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is

issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Crash For Gold LLC; Central Casting LLC; HBO INC.; HBO West Coast Programming LLC; and Nicole Payson through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Crash For Gold LLC, Central Casting LLC, HBO INC., HBO West Coast Programming LLC, and Nicole Payson and deliver to the U.S. Marshals Service all documents necessary to effect service.

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box

located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, please visit the Court's website at nysd.uscourts.gov.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 8, 2020
          New York, New York

                                                _____
                                                ANALISA TORRES
                                                United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      Crash For Gold LLC c/o Scott D. Jaffee
        1100 Avenue of the Americas
        New York, NY 10036

2.      Central Casting LLC
        5 Pennsylvania Plaza, 10th Floor
        New York, NY 10001

3.      HBO Inc.
        111 Eighth Avenue
        New York, NY, 10011

4.      HBO West Coast Programming LLC
        2500 Broadway
        Santa Monica, CA, 90404

5.      Nicole Payson, Production Assistant
        HBO, Inc./Corporation System
        111 Eighth Avenue
        New York, NY, 10011